# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# SOMERSET.

### JUNE TERM,

### 1828.

---

### SOULE'S CASE.

In an indictment against a husband, for an assault and battery upon the wife, she is a competent witness against him.

IN this case the husband was indicted for an aggravated assault and battery upon the wife ; and upon the trial, before *Preble J.* at the last term in this county, he admitted the wife as a competent witness for the State ; but saved the point for the consideration of all the Judges, at the motion of *Sprague*, of counsel for the defendant, he being convicted.

MELLEN C. J. delivered the opinion of the Court.

In this case the only question is whether the wife of the defendant was properly admitted as a witness against him on the trial, to prove the assault and battery upon her, charged in the indictment. It is well known that, as a general principle, husband and wife are not legal witnesses against each other. Reasons of policy forbid it. And it is believed they are never competent witnesses for each other.

From the general rule some exceptions have been established, founded on the necessity of the case; for instance, if a wife could not be admitted to testify against the husband as to threatened or executed violence and abuse upon her person, he could play the tyrant and the brute at his pleasure, and with perfect security beat, wound and torture her at times and in places when and where no witnesses could be present, nor assistance be obtained. Reasons of policy do not certainly extend so far as, in such cases, to disqualify her from being a witness against him. It is common learning that a wife may exhibit articles of the peace against her husband on oath, and demand and obtain security for his keeping the peace and abstaining from acts of apprehended and threatened violence; and it would seem to be a strange and unreasonable doctrine that she may legally proceed thus far against him, and in so doing perhaps cause his commitment to prison, and yet not be considered as a competent witness to prove the fact that the threatened and apprehended violence had been cruelly committed by him. To reject her when offered as a witness on trial for this purpose, would seem to be nothing less than a legal inconsistency. It is true that the decisions in the English courts have not been uniform on this subject. Lord *Audley's* case 1. *St. Tr.* 387, is familiar to every lawyer; and though it has been doubted, more modern cases have sanctioned and supported it. In *Rex v. Azire* 1. *Str.* 633, Lord *Holt* admitted the wife to testify against her husband. See also 1. *Hale* 301. *Bul. N. P.* 287. 11. *Mod.* 224. *Jagger's* case *East's P. C.* 454. *Mary Mead's* case 1. *Burr.* 542. 2. *Chitty's Cr. L.* 712. These and several other cases shew the principle to be more settled in favor of her admission as a witness. It is difficult to perceive any sound reason why she should not be, in such cases, where other proof can be seldom presumed to exist or be obtainable. So far as the general incompetency of the wife is founded on the idea that her testimony, if received, would tend to destroy domestic peace and introduce discord, animosity and confusion in its place, the principle loses its influence when that peace has already become wearisome to a passionate, despotic and perhaps intoxicated husband, who has done all his power to render the wife unhappy and destroy all mutual affection.

We are satisfied, both from the reason of the thing, and the authorities, that the witness was properly admitted; and accordingly the motion for a new trial is overruled.